**UNITED STATES of America, Plaintiff,**

v.

**Donald PODOLSKY, Defendant.**

**No. 85 CR 007.**

United States District Court,
N.D. Illinois, E.D.

Dec. 18, 1985.

Suzanne B. Conlon, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Patrick A. Tuite, Patrick A. Tuite, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

For the reasons that follow, defendant Podolsky's motion for bond pending appeal of his conviction is granted.

Under the Bail Reform Act of 1984, Podolsky must be detained unless the court finds (1) by clear and convincing evidence that he is not likely to flee or endanger anyone if released, (2) that he is not appealing to delay matters, and (3) "that the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial." 18 U.S.C. § 3143(b). The parties do not really dispute points (1) and (2), and neither do we. On the basis of the record and of our own observations of Mr. Podolsky, we think it clear that he is not likely to flee or harm someone if released pending appeal. And the appeal is not being filed for purposes of delay.

The Seventh Circuit has split the third factor into two questions. First, we must decide whether the appeal presents "a substantial question of law or fact." *United States v. Bilanzich,* 771 F.2d 292, 298 (7th Cir.1985). This means the issue must be a "close" one or one "that very well could be decided the other way." *Id.* (Citations omitted.) Second, we must decide whether an order of a new trial or a reversal of the conviction is more likely than not, assuming that the appellate court decides the close question in the defendant's favor. *Id.*

Thus, the alleged error must be "integral to the merits," rather than harmless or unprejudicial. *Id.* at 299.

Podolsky satisfies both of these criteria. Both the jurisdictional and conspiracy questions are "close," and "could well be decided the other way." Of course, we stand by our previous opinion on the issues, and although we did not agree with Podolsky's conspiracy and jurisdictional arguments, they nonetheless were substantial and also merit consideration by the Circuit Court. As for the second criterion, it is obvious that if Podolsky prevails on the jurisdictional issue, reversal of the conviction and dismissal are certain. Similarly, reversal is likely if Podolsky wins his conspiracy argument.

Accordingly, Podolsky's motion for bond pending appeal is granted. The bond previously set pending trial shall be posted as the appeal bond. The reporting date of June 24, 1986, which we previously set, is hereby vacated and continued generally pending outcome of the appeal. It is so ordered.